**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **PATRICIA AIGBOHAN, et al.,** | § | |
| | § | |
| **Plaintiff** | § | |
| | § | |
| | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. ___________** |
| | § | |
| **LIFECARE 2.1, LLC,** | § | |
| **LIFECARE 2.0, LLC,** | § | |
| **LIFECARE 2.0 MANAGEMENT** | § | |
| **SERVICES, LLC, LIFECARE** | § | |
| **HOSPITAL OF PLANO and** | § | |
| **CHRIS LEBLANC** | § | |
| | § | |
| **Defendants.** | § | |

**PLAINTIFFS' ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME, Patricia Aigbohan, Clement Akporumeta, Alkena Alford, Gilbert Akunga Angwenyi, Jeffrey Anguiano, Gloria Balogh, Candace Beazer, Anetta Judy Blair, Wanda Jean Cady, Melody Carter, Monica Carter, Juanita Cisneros, Peggy Conner, Gloria Christmon, Tara Diane Dean, Tonya Diehl, Merilyne Dorsainville, Linda Duckett, Miranda Fettinger, Janet Gimah, Denise Goar, Kimberly Golden, Jaunita Gonzalez, J. Deyanira Gonzalez, Yvonne Gonzalez, Fredrick Gray, Marie Gray, Demetra Green, Susana Gunther, Revell Edward Hicks, Jr., Cassie Holl, Aisha Ibrahim, Carmailla Jacobs, Deena James, Jo Ann Johnson, Tiffany Johnson, LaSandra Jones, Christine Kubo, Julia Madison, Raymond Mamaclay, Hannah Wambui Mburu, Quinishia McDowell, Demetria McKeehen, Nevelyn

McKenzie, Jasmaine McKinley, Shamika Morgan, Joseph Negron, Shelby Nugent, Vanessa Nunez, Bobson Ondieki, Chaqueetra Pierre-Antoine, Patrick O'Rourke, Erin Owens, Sylvia Morales Pantoja, Jena Parris, Brandy Partida, Ericka Reyna, Norma Segovia, Lisa Sharaf, Diana Smith, Francisca Sosa, Jaranda Springer, Denise Thomas, Amanda Thomas, Beatrice Thorne, Virginia Thuita, Jurea Williams, Terri L. Williams, and Debra Woodard file this their Original Complaint, (hereinafter referred to collectively as "Plaintiffs"), complaining of Lifecare 2.0, LLC, Lifecare 2.1, LLC, Lifecare 2.0 Management Services, LLC, Lifecare Hospital of Plano and Chris LeBlanc (collectively, "Defendants") and for cause of action would respectfully show the Court as follows:

**PARTIES**

1. Plaintiffs are individual residents and citizens of the State of Texas.

2. Defendants Lifecare 2.1, LLC, Lifecare 2.0, LLC, Lifecare 2.0 Management Services, LLC, and Lifecare Hospital of Plano are Domestic Limited Liability Companies created under Texas Law with their principal place of business in Dallas County, Texas. Defendant Chris Leblanc is an individual citizen of Texas and is the chief executive officer of the three LLC defendants.

**JURISDICTION**

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1367 and 29 U.S.C. § 2104(a).

**VENUE**

4. Venue is proper under 29 U.S.C § 2104 (a)(5).

## NATURE OF THE ACTION

5. Plaintiffs were terminated along with other similarly situated employees as a part of the foreseeable result of mass layoffs or plant closings ordered by Defendants on February 27, 2024, and within 90 days of that date.

6. Defendants failed to give Plaintiffs 60 days' advance notice of their terminations, as required by the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 *et seq.* (the "WARN Act").

7. Plaintiffs seek to enforce WARN Act's statutory remedy of 60 days' back pay and benefits for themselves, pursuant to 29 U.S.C. § 2104, for the Defendants' failure to provide WARN Act notices prior to their terminations.

## FACTUAL ALLEGATIONS

8. Plaintiffs were employed by Defendants in various capacities at Defendants' Lifecare Hospital in Fort Worth. All of the Plaintiffs were either full-time employees of Defendants or worked at least 20 hours per week in their jobs for Defendants.

9. On February 27, 2024, Plaintiffs were notified that their employment was being terminated as of March 8, 2024, and that the Lifecare Hospital in Fort Worth was closing. Plaintiffs were, in fact, laid off by Defendants as of March 8, 2024.

10. At the time of the layoffs, Defendants employed 100 or more employees, excluding part-time employees and permanently shut down the Fort Worth hospital, which employed more than 50 employees, excluding part-time employees. At all relevant times, Defendants were an "employer," as that term is defined in 29 U.S.C. § 2101 (a)(1) and 20 C.F.R. § 639 (a), and

continued to operate as a business until Defendants decided to order mass layoffs or plant closings at the Facilities.

11. Plaintiffs are aggrieved persons seeking to enforce Defendants' liability and are authorized to bring this suit on behalf of themselves under 29 U.S.C. § 2104(a)(5). Plaintiffs were all terminated without cause within 90 days of February 27, 2024.

12. On information and belief, the rate of pay and benefits that were being paid by Defendants to each Plaintiff at the time of his/her termination is contained in the books and records of Defendants.

## CAUSE OF ACTION

13. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

14. At all relevant times, Defendants employed more than 100 employees who in the aggregate worked at least 4,000 hours per week, exclusive of hours of overtime, within the United States. At all relevant times, Defendants were an "employer," as that term is defined in 29 U.S.C. § 2101 (a)(1) and 20 C.F.R. § 639(a) and continued to operate as a business until it decided to order a mass layoff or plant closing at the Fort Worth Hospital.

15. At all relevant times, Plaintiff and the other similarly situated former employees were employees of Defendants as that term is defined by 29 U.S.C. §2101.

16. On or about February 27, 2024, Defendants ordered mass layoffs or plant closings at the Facilities, as that term is defined by 29 U.S.C. § 210l(a)(2).

17. The mass layoffs or plant closings at the Facilities resulted in "employment losses," as that term is defined by 29 U.S.C. §2101(a)(2) for at least fifty of Defendants' employees as well as thirty-three percent of Defendants' workforce at each Facility, excluding "part-time employees," as that

term is defined by 29 U.S.C. § 2l01(a)(8).

18. Plaintiffs were terminated by Defendants without cause on their part, as part of or as the reasonably foreseeable consequence of the mass layoffs or plant closings ordered by Defendants at the Facilities.

19. Plaintiffs are "affected employees" of Defendants, within the meaning of 29 U.S.C. § 2101(a)(5).

20. Defendants were required by the WARN Act to give the Plaintiffs at least 60 days written notice of their terminations.

21. Defendants failed to give Plaintiffs written notice that complied with the requirements of the WARN Act.

22. Plaintiffs are "aggrieved employees" of the Defendants, as that term is defined in 29 U.S.C. § 2104(a)(7).

## DAMAGES

23. Defendants failed to pay Plaintiffs their respective wages, salary, commissions, bonuses, health and life insurance premiums, accrued holiday pay and accrued vacation for 60 days following their respective terminations, and failed to provide employee benefits including health insurance, for 60 days from and after the dates of their respective terminations.

## ATTORNEY'S FEES AND COSTS

24. Plaintiffs are entitled to an award of attorney's fees and costs under the WARN Act, 29 U.S.C. § 2104(a)(6).

## JURY DEMAND

25. Plaintiff hereby demands trial by jury as to all issues so triable.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that Defendants be cited to appear and answer herein and that upon final hearing, Plaintiffs have judgment as follows:

(a). Damages for the violations of the law by Defendants;

(b) That this Court award Plaintiffs all costs of this action, together with reasonable attorney's fees and expert fees as provided by law;

(c) That this Court award Plaintiffs pre-judgment and post-judgment interest as authorized by law, and

(d) That this Court grant Plaintiffs such other and further relief as the Court may deem just and proper.

Respectfully submitted,

*/s/ David Fielding*
State Bar No. 06974500

A Member of the Firm of:
DAVID FIELDING, P.C.
101 Summit Ave., Suite 1010
Fort Worth, Texas 76102
(817) 996-8673 Telephone
(682) 250-7109 Facsimile
Email: dfielding@fieldingpc.com

ATTORNEYS FOR PLAINTIFFS